UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17-CV-328-TBR

KEVIN SADLER,
JUDE EDELEN, AND
MICHAEL KRIMM                                                                    PLAINTIFFS

v.

GENERAL ELECTRIC CO.,                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant General Electric Company's ("Defendant" or "General Electric") Motion to Dismiss the claims against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 6.] Plaintiffs Kevin Sadler, Jude Edelen, and Michael Krimm, (collectively, "Plaintiffs"), have responded, [DN 10], and Defendant has replied. [DN 12.] This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is **GRANTED in part and DENIED in part.**

**I. BACKGROUND**

Kevin Sadler, Jude Edelen, and Michael Krimm were all employees at General Electric when General Electric sold its Appliances division to Haier on June 6, 2016, [DN 1-2, at 3], a Chinese electronics and appliances company. Plaintiffs were all engineering technicians who had worked at General Electric for more than 24 years. [*Id.*] According to Plaintiffs, General Electric's "common practice" is to permit "employees the opportunity to look for employment through relocation to another [General Electric] plant." [*Id.*] However, Plaintiffs aver that they were afforded no such opportunity when the company's Appliances division was acquired by Haier. [*Id.*] Specifically, Plaintiffs allege that Human Resources manager, Susan LaCoe, as well

1

as Managers Rob Byron and Bridget Blocker, all told Plaintiffs "that the option to relocate was not available." [*Id.*] As a result of Plaintiffs' alleged inability to transfer to another General Electric plant, they were thereafter considered Haier employees, a distinction that Plaintiffs contend resulted in their losing "numerous benefits" and General Electric "no longer funding their pension." [*Id.* at 4-5.] Additionally, Plaintiffs aver that they "have lost significant financial contributions to their pensions for the remaining number of years the employees would have retained their employment with General Electric until retirement." [*Id.* at 5.]

In Plaintiffs' Complaint, while it is argued that they were informed by LaCoe, Byron, and Blocker that they would not be able to transfer to another plant, and that Plaintiffs were sent a separate email indicating this inability to transfer, it is also stated that "two days before the sale of General Electric to Haier, Plaintiffs were then told by Susan LaCoe that they did in fact have the opportunity to transfer to another General Electric location." [*Id.* at 4.] Plaintiffs contend that the short notice given to them regarding their ability to transfer did not allow them sufficient time to do so, and that, as a result, they have suffered economic detriment. [*Id.* at 4-5.] Plaintiffs initially filed this lawsuit in Jefferson County Circuit Court, but General Electric removed it to this Court. There are three claims at issue in this case: (1) Promissory Estoppel; (2) Breach of Implied in Fact Contract; and (3) Fraudulent Inducement/Misrepresentation. General Electric has filed a Motion to Dismiss all three claims against it. [DN 6.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Importantly, "[w]hen

2

considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). Thus, "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the motion should be denied. *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989). "However, the Court need not accept as true legal conclusions or unwarranted factual inferences." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The concept of "plausibility" denotes that a complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The element of plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). But where the court is unable to "infer more than the mere possibility of misconduct, the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id.* at 1950 (internal quotation marks omitted).

## III. DISCUSSION

### A. Promissory Estoppel Claim

The doctrine of promissory estoppel is an equitable one, "which is only applicable if a fraud or some other injustice would result." *Lynch v. Sease*, 244 F. App'x 736, 739 (6th Cir. 2007). Under Kentucky law, a successful claim of promissory estoppel necessitates the satisfaction of four separate elements: (1) there must be a promise; (2) this promise must be one "which the promisor should reasonably expect to induce action or forbearance on the part of the promisee[s] or a third person;" (3) the promise must actually "induce such action or forbearance;" and (4) "injustice can be avoided only by enforcement of the promise." *Lichtefeld-Massaro, Inc. v. R.J. Manteuffel Co.*, 806 S.W.2d 42, 44 (Ky. App. 1991). Additionally, the reliance must be justified. *FS Invs., Inc. v. Asset Guar. Ins. Co.*, 196 F. Supp. 2d 491, 507 (E.D. Ky. 2002).

Defendant's principal argument in support of its Motion to Dismiss the promissory estoppel claim is that there was no "specific promise of job security" made by Defendant to Plaintiffs. *See Harris v. Burger King Corp.*, 993 F. Supp.2d 677, 691 (W.D. Ky. 2014) ("An at-will employee can claim promissory estoppel only if she can show a specific promise of job security."). Rather, in Defendant's view, Plaintiffs only point to the "standard practice" between Defendant and *other* employees, leaving the Complaint facially insufficient. However, the Court is satisfied that Plaintiffs have met their burden of pleading sufficient facts "suggest[ing] a 'right to relief above a speculative level.'" *Estate of Smith v. United States*, 509 F. App'x 436, 439 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555-56).

Specifically, in their Complaint, Plaintiffs lay out facts that, when construed as true, tend to show that Plaintiffs were told directly that they would not have an opportunity to transfer and

4

that they relied to their detriment on that promise, foregoing any attempts to relocate to a different General Electric plant location. Plaintiffs further allege in their Complaint that, as a result of this detrimental reliance on Defendant's promise that they would not be allowed to transfer, Plaintiffs suffered economic harm "in the form of lost wages, benefits, and pain and suffering…." [DN 1-2, at 6.] Defendant argues that, even if a promise was made, the fact that Plaintiffs were eventually told they could transfer renders any promissory estoppel claim legally insufficient. Even so, the Court finds that the incredibly small window Plaintiffs were given during which they were purportedly allowed to seek transfer to a different plant may not render Plaintiffs' promissory estoppel claim untenable. Under the Rule 12(b)(6) standard, Plaintiffs have pled sufficient facts to withstand a Motion to Dismiss. Accordingly, Defendant's Motion to Dismiss this claim is denied at this time. However, the Court believes this to be a close call and discovery may shed some light on this issue.

### B. Breach of Implied in Fact Contract Claim

Plaintiffs' second claim alleges that Defendant breached an implied in fact contract relating to Plaintiffs' understanding that they would, consistent with "common practice" at General Electric, be permitted to transfer to another of the company's plants. [*Id.* at 3.] Plaintiffs claim that they were not permitted sufficient opportunity to do so and have suffered damages as a result. [*See id.*] In "a contract implied in fact, the evidence must disclose an actual agreement or meeting of the minds although not expressed and such is implied or presumed from the acts or circumstances which according to the ordinary course of dealing and the common understanding…shows a mutual intent to contract." *Rider v. Combs*, 256 S.W.2d 749, 749 (Ky. 1953).

In their Complaint, Plaintiffs do not allege that there was any meeting of the minds, mutual manifestation of assent, or any other variation of an actual agreement that would lead this Court to conclude that there was an implied in fact contract present in this case. In stating their claim, Plaintiffs refer to "the ordinary course of dealing and common understanding that employees [would have] the opportunity to relocate to another General Electric location" if, for some reason, the plant was taken over, as it was here by Haier. [DN 1-2, at 6.] However, Plaintiffs are describing the ordinary course of dealing and common understanding with respect to other employees and not themselves. Indeed, Paragraph 49 of the Complaint specifically refers to the fact that Defendant, "*in the past* has allowed employees to transfer to another facility in the event of a facility sale or closing." [*Id.* (emphasis added).]

Absent from Plaintiffs' Complaint are facts alleging that General Electric reached some mutual manifestation of assent with Plaintiffs regarding Plaintiffs' ability to transfer to a different plant or plants. Instead, Plaintiffs rely on Defendant's past conduct, a fact which does not indicate the presence of an implied in fact contract. The Court assumes as true the claim by Plaintiffs that it has been a common practice of Defendant in the past to allow such plant transfers to occur. However, it is quite a leap to assume that, because other employees of Defendant have reached agreements with Defendant, that this alone would result in the creation of an implied in fact contract with them. Further, Plaintiffs specifically state in their Facts section that, whatever common practice Defendant may have had with respect to employee transfers, all three Plaintiffs were told on multiple occasions that they would not have such an opportunity. [*Id.* at 3.] This directly contravenes the foundational requirement of contract formation, namely, that the parties must have an agreement. It cannot be that the basis for the formation of the alleged implied in fact contract between Plaintiffs and Defendant stems from the common

practice of allowing employees to transfer when the Plaintiffs, by their own Complaint, indicate unequivocally that they were told that this option would not be available to them. Plaintiffs have not pled sufficient facts regarding their implied in fact contract claim and, as such, Defendant's Motion to Dismiss this claim is granted.

### C. Fraudulent Inducement/Misrepresentation Claim

Under Kentucky common law, a party alleging fraud in the inducement is required to satisfy six elements by clear and convincing evidence. *Bear, Inc. v. Smith*, 303 S.W.3d 137, 142 (Ky. App. 2010). These elements are: (1) a material representation; (2) that representation is false; (3) the person who makes the representation knows it is false, or made the representation with recklessness as to its falsity; (4) the representation is "made with inducement to be acted upon;" (5) the person to whom the representation is made acts in reliance on that representation; and (6) injury is caused to that person. *Id.* Additionally, "a misrepresentation to support an allegation of fraud must be made concerning a present or pre-existing fact, and not in respect to a promise to perform in the future." *Filbeck v. Coomer*, 182 S.W.2d 641, 643 (Ky. 1944).

While the normal pleading standards of Federal Rule of Civil Procedure 8, outlined above in Section II, apply to most claims, the heightened pleading standard of Rule 9(b) applies to claims of fraud. Rule 9(b) imposes a heightened pleading standard for plaintiffs, which is "designed to prevent 'fishing expeditions,' to protect defendants' reputations from allegations of fraud, and to narrow potentially wide-ranging discovery to relevant matters." *Chestbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011). This means that "[g]eneralized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). Rather, the fraud claim must set out facts relating to the "time place, and content of the alleged misrepresentation on which he or

she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotation marks omitted). Finally, "[t]he threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way plaintiffs [sic] claim of fraud." *Id.* (internal quotation marks omitted).

The Court finds that Plaintiffs have pled sufficient facts to withstand dismissal at this time. Specifically, Plaintiffs have laid out facts that, when construed as true, meet the Rule 9(b) standard: they have laid out a chronology regarding Defendant's past practices with respect to allowing other employees transfer in similar situations; Plaintiffs note that, contrary to company policy, they were later told that they could not transfer, statements which were ultimately followed by another change in position immediately before Haier's acquisition. Further, Plaintiffs allege that Defendant was aware of the falsity of its statements to Plaintiffs concerning their ability to transfer, or was at least reckless in making such representations, and that it intended to, and in fact did, induce Plaintiffs' reliance thereon. Plaintiffs have also alleged damages as a result of their detrimental reliance.

Defendants argue forcefully that Plaintiffs' Complaint lays out allegations concerning fraud in the inducement/misrepresentation at a level of generality too high to withstand the Motion to Dismiss, and that "Plaintiffs have not articulated any facts to indicate the substance of any alleged fraudulent statement or misrepresentation, when the alleged statement was made, or what was false about the alleged statement." [DN 6, at 10.] The Court disagrees with Defendant's interpretation, although it is close. As noted above, Plaintiffs laid out in their Facts section, as well as the section concerning the Fraud/Misrepresentation claim, allegations that, taken as true, provide a timeline of representations made to Plaintiffs concerning their ability, or

inability, to transfer plants; name specific individuals employed by Defendant who made these representations to Plaintiffs; the medium in which they were made (orally, in person, and through email); and how those representations harmed Plaintiffs. It is axiomatic that Rule 12(b)(6) does not "require Plaintiffs to prove their case on the pleadings," *In re The Goodyear Tire & Rubber Co. ERISA Litig.*, 438 F. Supp. 2d 783, 794 (N.D. Ohio 2006), and the Court is satisfied that Plaintiffs have met the heightened standard of Rule 9(b). Defendant's Motion to Dismiss this claim is denied at this time.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6), [DN 6], is **GRANTED IN PART and DENIED IN PART.**

**IT IS SO ORDERED.**

cc: Counsel of Record