UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Filed Electronically

| | | |
|---|---|---|
| KEVIN SADLER, <br> JUDE EDELEN, AND <br> MICHAEL KRIMM | ) <br> ) <br> ) | |
| PLAINTIFFS | ) <br> ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. 3:17CV-328-TBR |
| GENERAL ELECTRIC <br> COMPANY | ) <br> ) <br> ) <br> ) | |
| DEFENDANT | ) <br> ) | |

**ANSWER TO COMPLAINT**

Comes the Defendant, General Electric Company ("GE"), and for its Answer to the Plaintiff's Complaint states the following:

**JURISDICTION AND VENUE**

1. GE admits Paragraph 1 of the Complaint.

2. With respect to Paragraph 2 of the Complaint, GE admits that it is a Defendant in this action, but denies the balance of Paragraph 2 of the Complaint and denies that it has any liability to Plaintiffs or that it violated any laws.

3. GE admits Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, GE denies the allegations contained in Paragraph 4 of the Complaint.

5. Upon information and belief, GE admits Paragraph 5 of the Complaint.

6. Upon information and belief, GE admits Paragraph 6 of the Complaint.

7. Upon information and belief, GE admits Paragraph 7 of the Complaint.

8. With respect to Paragraph 8 of the Complaint, GE denies that it took any actions towards the Plaintiffs, but admits that they were employed in Louisville, Jefferson County, Kentucky.

9. Paragraph 9 of the Complaint is a jurisdictional statement to which no response is required. To the extent that a response is required, GE denies the allegations contained in Paragraph 9 of the Complaint and further denies any liability to Plaintiffs in any amount.

10. Paragraph 10 of the Complaint is a jurisdictional statement to which no response is required. To the extent a response is required, GE denies the allegations contained in Paragraph 10 of the Complaint.

**FACTS**

11. GE reiterates and restates all preceding Paragraphs of its Answer as if set forth fully herein.

12. Upon information and belief, GE admits Paragraph 12 of the Complaint.

13. Upon information and belief, GE admits Paragraph 13 of the Complaint.

14. Upon information and belief, GE admits Paragraph 14 of the Complaint.

15. GE admits Paragraph 15 of the Complaint.

16. GE denies Paragraph 16 of the Complaint.

17. With respect to Paragraph 17 of the Complaint, GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what, if anything, Susan LaCoe told Plaintiffs and, therefore, denies the same. GE denies the balance of Paragraph 17 of the Complaint.

18. With respect to Paragraph 18 of the Complaint, GE admits only the Plaintiffs were treated in the same manner as all employees at Appliance Park. GE denies the balance of Paragraph

18 of the Complaint.

19. GE denies Paragraph 19 of the Complaint.

20. With respect to Paragraph 20 of the Complaint, GE admits only that employees, including Plaintiffs, at Appliance Park were not eligible to relocate to other GE locations/facilities while the sale to Haier was pending. GE denies the balance of Paragraph 20 of the Complaint.

21. With respect to Paragraph 21 of the Complaint, GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what, if anything, Susan LaCoe told Plaintiffs and, therefore, denies the same. GE denies the balance of Paragraph 21 of the Complaint.

22. With respect to Paragraph 22 of the Complaint, GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what, if anything, Susan LaCoe told Plaintiffs and, therefore, denies the same. GE denies the balance of Paragraph 22 of the Complaint.

23. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies the same.

24. With respect to Paragraph 24 of the Complaint, GE admits that following the close of the sale to Haier, the Plaintiffs became employees of Haier. GE denies the balance of Paragraph 24 of the Complaint.

25. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the same.

26. With respect to Paragraph 26 of the Complaint, GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what, if anything, Susan LaCoe told them and, therefore, denies the same. GE denies the balance of Paragraph 26 of the Complaint.

27. GE lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 27 of the Complaint and, therefore, denies the same.

28. With respect to Paragraph 28 of the Complaint, GE admits that Edelen has a Bachelor's degree, but denies the balance of Paragraph 28 of the Complaint.

29. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies the same.

30. GE lacks knowledge or information sufficient to form a belief about the allegations contained in Paragraph 30 as to whether Krimm and Sadler looked for other positions to relocate and, therefore, denies the same. GE denies the balance of Paragraph 30 of the Complaint.

31. GE denies Paragraph 31 of the Complaint.

32. GE denies Paragraph 32 of the Complaint.

33. With respect to Paragraph 33 of the Complaint, GE admits only that, because Plaintiffs are not GE employees, the Plaintiffs are not receiving benefits from GE. GE denies the balance of Paragraph 33 of the Complaint.

34. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies the same.

36. GE denies Paragraph 36 of the Complaint.

**COUNT ONE: PROMISSORY ESTOPPEL**

37. GE reiterates and restates all preceding Paragraphs of its Answer as if set forth fully herein.

38. GE denies Paragraph 38 of the Complaint.

39. With respect to Paragraph 39 of the Complaint, GE admits only that employees, including Plaintiffs, at Appliance Park were not eligible to relocate to other GE locations/facilities

while the sale to Haier was pending. GE denies the balance of Paragraph 39 of the Complaint.

40. GE denies Paragraph 40 of the Complaint.

41. GE denies Paragraph 41 of the Complaint.

42. GE denies Paragraph 42 of the Complaint.

43. GE denies Paragraph 43 of the Complaint.

44. GE denies Paragraph 44 of the Complaint.

45. GE denies Paragraph 45 of the Complaint.

**COUNT TWO: BREACH OF IMPLIED IN FACT CONTRACT**

46. GE reiterates and restates all preceding Paragraphs of its Answer as if set forth fully herein.

47. Paragraph 47 of the Complaint relates to a claim that has been dismissed with prejudice by the Court. As such, no response is required. To the extent a response is required, GE denies the allegations.

48. Paragraph 48 of the Complaint relates to a claim that has been dismissed with prejudice by the Court. As such, no response is required. To the extent a response is required, GE denies the allegations.

49. Paragraph 49 of the Complaint relates to a claim that has been dismissed with prejudice by the Court. As such, no response is required. To the extent a response is required, GE denies the allegations.

50. Paragraph 50 of the Complaint relates to a claim that has been dismissed with prejudice by the Court. As such, no response is required. To the extent a response is required, GE denies the allegations.

51. Paragraph 51 of the Complaint relates to a claim that has been dismissed by the Court with prejudice. As such, no response is required. To the extent a response is required, GE

denies the allegations.

52. Paragraph 52 of the Complaint relates to a claim that has been dismissed by the Court with prejudice. As such, no response is required. To the extent a response is required, GE denies the allegations.

## COUNT THREE: FRAUDULENT INDUCEMENT/MISREPRESENTATION

53. GE reiterates and restates all preceding Paragraphs of its Answer as if set forth fully herein.

54. GE denies Paragraph 54 of the Complaint.

55. GE denies Paragraph 55 of the Complaint.

56. GE denies Paragraph 56 of the Complaint.

57. GE denies Paragraph 57 of the Complaint.

58. GE denies Paragraph 58 of the Complaint.

## GENERAL DEFENSES

59. All allegations not specifically admitted above are hereby expressly denied. General Electric denies that it is liable to the Plaintiffs for any alleged damages including, but not limited to, past and future lost wages, past and future lost benefits, compensatory damages, consequential damages, punitive damages, attorneys' fees, statutory interest, costs, any equitable relief, or any additional expenses or claimed damages.

## AFFIRMATIVE DEFENSES

60. The Plaintiffs' claims are insufficiently pleaded.

61. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

62. The Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, accord and satisfaction, payment, and/or unclean hands.

63. The Plaintiffs have waived all or some of their claims against GE and, therefore, any relief is barred.

64. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

65. The Complaint should be dismissed and/or stayed and referred to arbitration because the Plaintiffs all signed agreements with a mandatory arbitration clause that requires all of the Plaintiffs' claims in the instant case be submitted to arbitration.

66. The Plaintiffs have failed to mitigate their damages, if any, and as such, are barred from relief.

67. The damages sustained by the Plaintiffs, if any, were the result of their own actions or omissions or the actions or omissions of a third party over whom GE had no control.

68. The damages of which the Plaintiffs complain, if any, were proximately caused by unforeseeable, independent, intervening, and/or superseding acts beyond the control and unrelated to any actions or conduct by GE.

69. The Plaintiffs' alleged damages are speculative and therefore unavailable as a matter of law.

70. The Plaintiffs were at all times at-will employees of GE.

71. The Complaint is barred, in part, because GE made no promise to the Plaintiffs.

72. The Complaint is barred, in part, because the Plaintiffs did not reasonably rely upon any "promise" (though there was none) from GE in acting or forbearing to act.

73. The Plaintiffs' promissory estoppel claim is barred by the statute of frauds.

74. The Complaint is barred, in part, because an injustice will not result from the Court's failure to enforce any "promise" (though there was none).

75. The Complaint, in whole or in part, fails to plead fraud with particularity as required.

76. The Complaint is barred, in part, because GE did not engage in any conduct that would constitute fraud, deceit, or misrepresentation.

General Electric reserves the right to amend its Answer to assert additional affirmative defenses that become known or ascertained through the course of discovery.

**WHEREFORE,** having fully responded to the Plaintiffs' Complaint, General Electric respectfully requests the following:

1. That the Plaintiffs' Complaint be dismissed in its entirety with prejudice;

2. That the Court enter a judgment in favor of General Electric, and direct that the Plaintiffs recover nothing;

3. That General Electric be awarded its costs and expenses, including attorneys' fees, if appropriate; and

4. Any and all other relief to which General Electric may now or hereafter be entitled.

Respectfully submitted,

/s/ Matthew Barszcz
Kathryn A. Quesenberry
Matthew Barszcz
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
E-Mail: Kathryn.Quesenberry@dinsmore.com
E-Mail: Matthew.Barszcz@dinsmore.com
*Counsel for Defendant, General Electric Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Samuel G. Hayward, Esq.
Adams Hayward & Welsh
4036 Preston Highway
Louisville, Kentucky 40213
Telephone: (502) 366-6456
E-Mail: sam@samhaywardlaw.com
*Counsel for Plaintiffs*

/s/ Matthew Barszcz
*Counsel for Defendant, General Electric Company*