UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEVIN SADLER,     Plaintiffs
JUDE EDELEN, AND
MICHAEL KRIMM

v.     Civil Action No. 3:17-CV-328-RGJ-CHL

GENERAL ELECTRIC COMPANY     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant, General Electric Company ("GE" or the "Company") moves to compel arbitration ("Motion") [DE 24]. Plaintiffs, Kevin Sadler ("Sadler"), Jude Edelen ("Edelen"), and Michael Krimm ("Krimm")(collectively "Plaintiffs") responded [DE 30] and GE replied [DE 34]. The matter is ripe for adjudication. For the reasons below, the Court will **DENY** the Motion as to Krimm and Sadler, **GRANT** the Motion as to Edelen [DE 24], and **GRANT** Plaintiffs' request for an evidentiary hearing [DE 30].

### BACKGROUND

Plaintiffs worked GE's appliance division before GE's sale of that division to Haier US Appliance Solutions, Inc. [DE 30 at 169; DE 24-1 at 103]. Plaintiffs allege that when GE sold the division, they were told that they were not within the class of employees permitted to transfer to another division of GE. [DE 24-1 at 103–04]. However, Plaintiffs allege that they were later told that they were eligible to transfer to another division. [*Id.* at 104]. Plaintiffs filed a Complaint claiming promissory estoppel and fraudulent misrepresentations. [*Id.* at 103–04]. Defendant now moves to compel arbitration pursuant to an arbitration clause that Defendant alleges each plaintiff

agreed to. [*Id.* at 104]. The arbitration clause is contained in a policy known as Solutions, An Alternative Dispute Resolution Procedure ("Solutions" or the "Agreement") and applied to both GE and all employees not represented by a labor union ("covered employees"). [*Id.* at 104]. The arbitration clause contains a provision stating that "Covered Employees and the Company are not allowed to litigate a Covered Claim in any court," except for preliminary injunctions or temporary restraining orders. [*Id.* at 105]. Under the agreement, parties must follow the procedure laid out in Solutions, which includes arbitration, and mutually binds both GE and the covered employees. [DE 24-2 at 150].

Plaintiffs argue that the arbitration agreement is invalid because there is insufficient consideration to support the agreement. [DE 30 at 198–201]. Plaintiffs also claim that "Plaintiff Sadler and Plaintiff Krimm unequivocally deny signing or being advised about the Solutions policy and the record does not sufficiently evidence facts to the contrary." [*Id.* at 202]. GE's motion only included an executed Solutions Acknowledgement signature page from Edelen. [DE 24-3 at 175]. GE asserts that Sadler and Krimm continued to work at GE after Solutions was implemented in 2009, which "served as their acknowledgement of Solutions." [DE 24-1 at 1–5].

**LEGAL STANDARD**

Congress enacted the United States Arbitration Act of 1925 ("Federal Arbitration Act" or "FAA"), 9 U.S.C. §§ 1–16, and federal and Kentucky law favors enforcing arbitration agreements. *See Whalen v. Lord & Moses, LLC*, Case No. 09-CV-0192-JBC, 2009 WL 3766327, at *1 (E.D. Ky. Nov. 10, 2009). The FAA's purpose was to put arbitration agreements "upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).

Section 4 of the FAA provides that a party may petition a court to compel arbitration. FAA § 4. Upon such a petition, the Court "shall hear the parties, and upon being satisfied that the

making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. Yet "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." *Id*. Thus, the Court first "must engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003)).

In determining whether the dispute is arbitrable, the Court first looks to whether the parties formed a valid arbitration agreement. *See Braxton v. O'Charleys Rest. Properties, LLC*, 1 F. Supp. 3d 722, 725 (W.D. Ky 2014) ("Such review, the Sixth Circuit advises, requires the Court to determine first whether a valid agreement to arbitrate exists between the parties, and second whether the specific dispute falls within the substantive scope of the agreement.) (internal citations and quotations omitted). "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate," and the necessary showing "mirrors that required to withstand summary judgment in a civil suit." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (quoting *Doctor's Assocs., Inc. v. Distajo,* 107 F.3d 126, 129–30 (2d Cir.), cert. denied, 522 U.S. 948, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997)).

## DISCUSSION

GE moves to compel arbitration and stay this lawsuit pending arbitration. [DE 24-1 at 103]. Neither party disputes that Plaintiffs' claims fall within the substantive scope of the arbitration agreement. Thus, to enforce the arbitration agreement, the Court need only determine whether a valid agreement exists. Kentucky law applies to interpreting the formation of an

arbitration agreement. *See Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) ("Because arbitration agreements are fundamentally contracts, we review the enforceability of an arbitration agreement according to the applicable state law of contract formation."); *see also Gray v. Midland Funding, LLC*, No. 5:16-CV-00036-TBR, 2017 WL 1293995, at *5 n.3 (W.D. Ky. Apr. 4, 2017).

A. **The Arbitration Agreement is Supported by Sufficient Consideration.**

First, Plaintiffs argue that the arbitration agreement is not valid because it was not supported by consideration. [DE 30 at 198–202]. Plaintiffs claim that under Kentucky law their continued employment is not adequate consideration, and there was no other consideration to support the arbitration agreement. [*Id.* at 198–99 citing *Charles T. Creech, Inc. v. Brown*, 433 S.W.3d 345 (Ky. 2014)]. GE urges the Court to follow an unpublished Western District of Kentucky opinion, which held that continued employment be can adequate consideration in arbitration agreements, and *Creech's* holding was limited to non-competition agreements. [DE 34 at 210 citing *Aldrich v. University of Phoenix, Inc.*, 3:15-CV-00578-JHM, 2016 U.S. Dist. LEXIS 27591, *24-26 (W.D. Ky. Mar. 4, 2016) (finding that continued employment was adequate consideration to support arbitration provision)].

The Court, however, need not decide whether continued employment constitutes adequate consideration in this case because the arbitration agreement binds both parties. The Supreme Court of Kentucky has found that "that an exchange of promises 'to submit equally to arbitration' constitutes adequate consideration to sustain an arbitration clause." *Grimes v. GHSW Enterprises*, LLC, 556 S.W.3d 576, 581 (Ky. 2018) (citing *Energy Home v. Peay*, 406 S.W.3d 828, 835 (Ky. 2013)). Solutions binds both covered employees and GE and requires both parties to submit to arbitration. [DE 24-2 at 150 ("**Covered Employees and the Company** are not allowed to litigate

a Covered Claim in any court.") (emphasis added)]. As a result, under Kentucky law, the arbitration agreement is supported by adequate consideration because it requires both parties "to submit equally to arbitration." *See Grimes*, 556 S.W.3d at 581.

> **B. Plaintiffs Have Raised an Issue of Material Fact about whether Sadler and Krimm Agreed to Arbitrate Their Claims**.

Second, Plaintiffs contend there was no enforceable agreement between GE and Sadler and Krimm because both Plaintiffs were unaware of Solutions and did not agree to arbitrate their claims. [DE 30 at 201–02]. GE has only produced an executed Solutions Acknowledgement for Edelen, [DE 24-3] and claims that Sadler's and Krimm's continued employment after Solutions went into effect is enough to show their assent to the agreement. [DE 24-1 at 104]. Sadler and Krimm's continued employment, alone, is not sufficient to show that they assented to the agreement, absent some evidence that the plaintiffs were aware of the agreement to arbitrate. *See Gray v. Midland Funding, LLC,* No. 5:16-CV-00036-TBR, 2017 WL 1293995, at *5–6 (W.D. Ky. Apr. 2, 2017). Here, the Court needs more information to determine whether Sadler's and Krimm's continued employment constituted consent to the agreement to arbitrate.

GE relies on *Braxton v. O'Charley's Restaurant Properties*, *LLC* to show that Plaintiffs' arguments by counsel without affidavit [DE 30 at 202] are "insufficient to justify refusal to enforce the arbitration policy." [DE 34 at 211 citing *Id.*, 1 F. Supp. 3d 722 (W.D. Ky. 2014)]. GE asserts that *Braxton* requires the Plaintiffs to submit affidavits to meet their burden of demonstrating a material issue of fact. The court in *Braxton*, however, found that Plaintiffs did not meet their burden to show an issue of material fact because counsel's assertions in the briefing were directly contradicted by the Plaintiffs' sworn affidavits. The court found that the affidavits that *were* submitted in the case, "in which each Plaintiff merely states that she did not *sign* any such

agreement" is silent on whether they were aware of the arbitration agreement. *Id.* at 728 n.4. Thus, they failed to meet their burden.

Here, GE has stated that Solutions was "disseminated to employees in 2009 , with a revision circulated in 2011," but provides no details regarding whether Solutions was provided to all employees, on what date it was provided to these Plaintiffs, and how Solutions was disseminated, whether by email or in hard copy. [DE 24-1 at 104]. Plaintiffs, on the other hand, have provided no sworn evidence and have included only their lawyers' assertion in the pleadings that neither Sadler nor Krimm knew about the arbitration agreement prior to the GE's motion. [DE 30 at 202]. Unlike in *Braxton*, where contradictory affidavits were on file, there is nothing for Plaintiffs' lawyers' statements to contradict. As a result, taking the facts in the light most favorable to Plaintiffs, there is a genuine issue of material fact, about whether Sadler and Krimm were aware of the arbitration agreement. *See Tassy v. Lindsay Entertainment Enterprises, Inc.,* No. 3:16-CV-00077-TBR, 2016 WL 3748544, at *4 (W.D. Ky. Jul. 8, 2016) (finding that despite her continued employment after arbitration policy went into effect, plaintiffs' assertion that she "had not seen or received a copy of the [agreement] prior to bringing this action . . . raises a genuine issue of material fact as to whether she signed the [agreement]"). In contrast, Edelen's signature page is sufficient to show his awareness of and assent to the arbitration agreement.

## CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** Defendants' Motion to Compel Arbitration [DE 24] is **DENIED in part and GRANTED in part**.

The Court further **ORDERS** that the parties may supplement the record within **20 days** of this Order with any additional evidence as discussed above. If the parties do not supplement the

record such that the Court can reach a determination as to whether Sadler and Krimm agreed to Solutions, the Court tentatively **GRANTS** Plaintiffs request for an evidentiary hearing [DE 30] pending review of any supplemental evidence. The evidentiary hearing will take place on **December 3, 2019 at 10:00 a.**m. at the Gene Snyder United States Courthouse, Louisville, Kentucky.